_____ FILED    _____ ENTERED
_____ LODGED    _____ RECEIVED

**MAR 28 2025**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

The Honorable Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KYLE CHRISTOPHER BENTON,<br><br>Defendant. | NO. CR24-162 TL<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Brian J. Wynne of the Western District of Washington and Kyle Christopher Benton and Kyle Christopher Benton's attorney Dawn Farina enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11.

1.    **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

       a.    Unlawful Possession of a Machinegun, as charged in Count 1, in violation of Title 18, United States Code, Section 922(o)(1).

Plea Agreement - 1
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          b.     Possession of an Unregistered Firearm, as charged in Count 2, in

2    violation of Title 26, United States Code, Sections 5861(d) and 5845(a)(3).

3         By entering these pleas of guilty, Defendant hereby waives all objections to the

4    form of the charging document. Defendant further understands that before entering any

5    guilty plea, Defendant will be placed under oath. Any statement given by Defendant

6    under oath may be used by the United States in a prosecution for perjury or false

7    statement.

8         2.    **Elements of the Offenses.** The elements of the offenses to which

9    Defendant is pleading guilty are as follows:

10         a.     The elements of Unlawful Possession of a Machinegun, as charged

11   in Count 1, are as follows:

12            i.     First, the defendant knowingly possessed a machinegun; and

13            ii.    Second, the defendant knew the characteristics of the firearm.

14         b.     The elements of Possession of an Unregistered Firearm, as charged

15   in Count 2, are as follows:

16            i.     First, the defendant knowingly possessed a firearm;

17            ii.    Second, the defendant knew the characteristics of the firearm

18                required it to be registered to him on the National Firearm

19                Registration and Transfer Record; and

20            iii.   Third, the firearm possessed by the defendant was not

21                registered to him on the National Firearm Registration and

22                Transfer Record.

23        3.    **The Penalties.** Defendant understands that the statutory penalties

24   applicable to the offenses to which Defendant is pleading guilty are as follows:

25         a.     For the offense of Unlawful Possession of a Machinegun, as charged

26   in Count 1: A maximum term of imprisonment of up to 15 years, a fine of up to

27   $250,000.00, a period of supervision following release from prison of up to three

Plea Agreement - 2
*United States v. Kyle Benton* / CR 24-162 TL

1  years, and a mandatory special assessment of $100.00. If a probationary sentence
2  is imposed, the probation period can be for up to five years.

3        b.     For the offense of Possession of an Unregistered Firearm, as charged
4  in Count 2: A maximum term of imprisonment of up to ten years, a fine of up to
5  $10,000.00, a period of supervision following release from prison of up to three
6  years, and a mandatory special assessment of $100.00. If a probationary sentence
7  is imposed, the probation period can be for up to five years.

8      Defendant understands that supervised release is a period of time following
9  imprisonment during which Defendant will be subject to certain restrictive conditions and
10 requirements. Defendant further understands that, if supervised release is imposed and
11 Defendant violates one or more of the conditions or requirements, Defendant could be
12 returned to prison for all or part of the term of supervised release that was originally
13 imposed. This could result in Defendant serving a total term of imprisonment greater than
14 the statutory maximum stated above.

15     Defendant understands that as a part of any sentence, in addition to any term of
16 imprisonment and/or fine that is imposed, the Court may order Defendant to pay
17 restitution to any victim of the offense, as required by law.

18     Defendant further understands that the consequences of pleading guilty may
19 include the forfeiture of certain property, either as a part of the sentence imposed by the
20 Court, or as a result of civil judicial or administrative process.

21     Defendant agrees that any monetary penalty the Court imposes, including the
22 special assessment, fine, costs, or restitution, is due and payable immediately and further
23 agrees to submit a completed Financial Disclosure Statement as requested by the United
24 States Attorney's Office.

25     Defendant understands that, if pleading guilty to a felony drug offense, Defendant
26 will become ineligible for certain food stamp and Social Security benefits as directed by
27 Title 21, United States Code, Section 862a.

Plea Agreement - 3
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.    **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5.    **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a.    The right to plead not guilty and to persist in a plea of not guilty;

b.    The right to a speedy and public trial before a jury of Defendant's peers;

c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.    The right to confront and cross-examine witnesses against Defendant at trial;

f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.    The right to appeal a finding of guilt or any pretrial rulings.

Plea Agreement - 4
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6.      **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.      Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

Plea Agreement - 5
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

a.    The Federal Bureau of Investigation ("FBI") began investigating BENTON after an Army Criminal Investigative Division investigation revealed BENTON operated several social media accounts where he posted anti-Semitic and neo-Nazi propaganda and related violent extremist content.

b.    During the investigation, BENTON posted images and videos of various firearms he possessed, including firearms required to be registered under the National Firearms Act, to include short-barrel rifles and machineguns. He also posted messages on various platforms and communicated with others via various online means about firearms to include posting about selling a short-barrel rifle to another person.

c.    In August of 2024, BENTON posted about his intent to go to a shooting range with others. In doing so, BENTON posted, "I hope they like NFA violations." After making this posting, BENTON posted a video of himself firing in a fully automatic capacity.

d.    On September 4, 2024, United States Magistrate Judge S. Kate Vaughan authorized a search warrant for BENTON's residence in Snohomish, Washington, within the Western District of Washington.

e.    On September 6, 2024, investigators served the search warrant at BENTON's residence. In BENTON's residence investigators located a black M16 type 5.56x45 caliber rifle with no apparent markings. Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives conducted a function test on the firearm and determined it functioned as a machinegun under Title 26, United States Code, Section 5845(b).

Plea Agreement - 6
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f.    In BENTON's residence, investigators also found a Palmetto State Armory PA-15 5.56 x45 caliber rifle. The overall barrel length for the Palmetto State Armory rifle was 12-5/8 inches.

g.    Additionally, investigators found an uninstalled drop-in autosear, which is used to convert a semi-automatic rifle to fire as a machinegun, and which constitutes a machinegun under Title 26, United States Code, Section 5845(b) even while uninstalled, and a second rifle with a barrel length of less than 16 inches.

h.    BENTON admits to knowing before the execution of the search warrant at his residence on September 6, 2024, that his black M16 type 5.56x45 caliber rifle, Palmetto State Armory PA-15 5.56 x45 caliber rifle, uninstalled drop-in autosear, and other rifle with a barrel length of less than 16 inches were all required to be registered with the National Firearms Registration and Transfer Record. BENTON further admits he never registered any item with the National Firearms Registration and Transfer Record.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.    A base offense level of 18 pursuant to USSG § 2K2.1(a)(5); and

b.    A two-level increase pursuant to USSG § 2K2.1(b)(1)(A) because more than three, but less than seven firearms were involved.

Plea Agreement - 7
*United States v. Kyle Benton* / CR 24-162 TL

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term not greater than the high end of the Guidelines range, as calculated by the Court. Defendant is free to make any recommendation permitted by law. Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any firearms and

Plea Agreement - 8
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   ammunition involved in his commission of Unlawful Possession of a Machinegun, in

2   violation of 18 U.S.C. § 922(o), as charged in Count 1 of the Indictment. All such

3   property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C.

4   § 2461(c), and includes, but is not limited to, one machinegun, further described as a

5   black M16 type 5.56 x45 caliber rifle with no apparent markings, and any associated

6   ammunition, seized on or about September 6, 2024, from Defendant's residence in

7   Snohomish, Washington.

8         Defendant further agrees to forfeit to the United States immediately Defendant's

9   right, title, and interest in any firearms involved in his commission of Possession of an

10   Unregistered Firearm, in violation of 26 U.S.C. §§ 5861(d) and 5845(a)(3), as charged in

11   Count 2 of the Indictment. All such property is subject to forfeiture pursuant to 26 U.S.C.

12   § 5872, by way of 28 U.S.C. § 2461(c), and includes, but is not limited to, one Palmetto

13   State Armory PA-15 5.56 x45 caliber rifle with serial number LW228960, with an

14   approximately 12-5/8 inch barrel, a rifle having a barrel of less than 16 inches in length,

15   sone machinegun, further described as a black M16 type 5.56x45 caliber rifle with no

16   apparent markings, and any associated ammunition, seized on or about September 6,

17   2024, from Defendant's residence in Snohomish, Washington.

18         Defendant agrees to fully assist the United States in the forfeiture of any

19   forfeitable property and to take whatever steps are necessary to pass clear title to the

20   United States, including but not limited to: surrendering title and executing any

21   documents necessary to effect forfeiture; assisting in bringing any property located

22   outside the United States within the jurisdiction of the United States; and taking whatever

23   steps are necessary to ensure that property subject to forfeiture is not sold, disbursed,

24   wasted, hidden, or otherwise made unavailable for forfeiture.

25         Defendant agrees not to file any further claims to any of this property in any

26   federal forfeiture proceeding, administrative or judicial, that may be or has been initiated,

27   or to otherwise contest any federal forfeiture proceeding that may be or has been

Plea Agreement – 9
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    initiated. Defendant also agrees he will not assist any party who may file a claim to this

2    property in any federal forfeiture proceeding.

3         The United States reserves its right to proceed against any remaining assets not

4    identified in this Plea Agreement, in which the Defendant has any interest or control, if

5    said assets were firearms and ammunition involved in his commission of Unlawful

6    Possession of a Machinegun (Count 1) or were firearms involved in his Possession of a

7    Unregistered Firearm (Count 2).

8         13.    **Abandonment of Contraband.** Defendant also agrees that, if any federal

9    law enforcement agency seized any illegal contraband, firearms, ammunition, magazines,

10   flash suppressors, firearms accessories, or autosears, that were in Defendant's direct or

11   indirect control, Defendant consents to the federal administrative disposition, official use,

12   and/or destruction of same.

13        14.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,

14   the United States Attorney's Office for the Western District of Washington agrees not to

15   prosecute Defendant for any additional offenses known to it as of the time of this Plea

16   Agreement based upon evidence in its possession at this time, and that arise out of the

17   conduct giving rise to this investigation. In this regard, Defendant recognizes the United

18   States Attorney's Office for the Western District of Washington has agreed not to

19   prosecute all of the criminal charges the evidence establishes were committed by

20   Defendant solely because of the promises made by Defendant in this Plea Agreement.

21   Defendant agrees, however, that for purposes of preparing the Presentence Report, the

22   United States Attorney's Office will provide the United States Probation Office with

23   evidence of all conduct committed by Defendant.

24        Defendant agrees that any charges to be dismissed before or at the time of

25   sentencing were substantially justified in light of the evidence available to the United

26   States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

27

Plea Agreement - 10
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

2  (1997).

3        15.     **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

4  Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

5  Plea Agreement and Defendant may be prosecuted for all offenses for which the United

6  States has evidence; (b) Defendant will not oppose any steps taken by the United States

7  to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

8  Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges

9  that previously were dismissed or any additional charges that had not been prosecuted.

10        Defendant further understands that if, after the date of this Plea Agreement,

11  Defendant should engage in illegal conduct, or conduct that violates any conditions of

12  release or the conditions of confinement (examples of which include, but are not limited

13  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

14  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

15  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

16  to file additional charges against Defendant and/or to seek a sentence that takes such

17  conduct into consideration by requesting the Court to apply additional adjustments or

18  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

19  advisory Guidelines range, and/or by seeking an upward departure or variance from the

20  calculated advisory Guidelines range. Under these circumstances, the United States is

21  free to seek such adjustments, enhancements, departures, and/or variances even if

22  otherwise precluded by the terms of the Plea Agreement.

23        16.     **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant

24  acknowledges that, by entering the guilty plea(s) required by this Plea Agreement,

25  Defendant waives all rights to appeal from Defendant's conviction, and any pretrial

26  rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

27  conviction. Defendant further agrees that, provided the Court imposes a custodial

Plea Agreement - 11
*United States v. Kyle Benton* / CR 24-162 TL

sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

Plea Agreement - 12
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18.    **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//
//
//

Plea Agreement - 13
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19.    **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 28th day of March, 2025.

KYLE CHRISTOPHER BENTON
Defendant

DAWN FARINA
Attorney for Defendant

TODD GREENBERG
Assistant United States Attorney

BRIAN J. WYNNE
Assistant United States Attorney

Plea Agreement - 14
*United States v. Kyle Benton* / CR 24-162 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970